# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Raymond Edward Gill,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:12cv401 (JCC/IDD) |
| Eric Wilson,<br>    Respondent. | )<br>)<br>) |

FILED MAY 21 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Raymond Edward Gill, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he has been denied a fair and timely dispositional review hearing. On August 27, 2012, respondent filed a response with supporting exhibits and advised petitioner of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). Petitioner submitted an opposition to the respondent's response and a letter/motion for a ruling on the case. By Order dated December 14, 2012, the Court ordered respondent to file a supplemental response, which was filed on January 14, 2013. Petitioner has replied and filed a Motion for Writ of Mandamus and Motion to Appoint Counsel.

For the following reasons, petitioner's Motion for Writ of Mandamus will be dismissed, with prejudice, and his letter/motion for a ruling and Motion to Appoint Counsel will be denied, as moot.

### I. Background

Petitioner is incarcerated at the Federal Correctional Institution in Petersburg, Virginia. Petitioner alleges that his due process rights were violated because the United States Parole Commission ("Commission") failed to conduct a dispositional review within 180 days of a

warrant it lodged as a detainer in April 2004 for charges that occurred in 2001. Pet. 6, ECF No. 1; Resp. 2–3, ECF No. 7. The Commission conducted a review of the detainer and issued a decision to let the detainer stand on August 12, 2004. Resp. 3, ECF No. 7; Supp. Resp. 2, ECF No. 13. It appears that petitioner believes the detainer was lodged on June 21, 2012. Pet. 6, ECF No. 1.

## II. Applicable Law

Title 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> No circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

It well established that § 2244(a), as amended by the AEDPA, bars second or successive § 2241 applications that seek to re-litigate issues that were adjudicated in a prior § 2241 proceeding. The Second, Third, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (discussing Chambers); Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (noting that § 2244(a) does not reference § 2254 and thus by its terms applies to any habeas corpus application filed a person in custody pursuant to judgment of a United States court); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence.");

Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. Jackson v. Morris, 8 F. App'x. 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (table).

Similarly, prior to the enactment of the AEDPA, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See George v. Perrill, 62 F.3d 333, 334–35 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442–43 (8th Cir. 1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

Jurists in the Eastern District of Virginia have weighed in on this question as well. In Zakiya v. Reno, 52 F.Supp.2d 629, 632–634 & n.8 (E.D. Va. 1999), Judge Brinkema held that § 2244, as amended by the AEDPA, did not bar petitioner's successive § 2241 petition raising claims that had not been addressed on the merits in petitioner's previous habeas petitions.[1] Distinguishing Zakiya, Judge Friedman held in Flemming v. Brooks, No. 2:01cv582, 2002 WL 3248847, at * 5 (E.D. Va. June 21, 2002) (adopting the report and recommendation of the magistrate) that § 2244(a) did bar a petitioner's § 2241 successive petition alleging the same grounds as were denied on the merits by the United States District Court for the Northern District of West Virginia and the United States Court of Appeals for the Fourth Circuit. In Singletary v. Dewalt, No. 2:04cv623, 2005 WL 1162940, at * 4 (E.D. Va. Apr. 5, 2005) (unpublished), Judge Miller made a nearly identical report and recommendation with respect to a successive § 2241 petition alleging the same grounds as were denied on the merits by the United States District

---

[1] The Court, however, made no distinction between § 2244(a) and § 2244(b), which refers specifically to second or successive claims brought pursuant to § 2254.

3

Court for the District of Columbia.[2] In Gates v. Stansberry, No. 1:07cv 1212, 2008 WL 2165998 (E.D. Va. May 23, 2008) (unpublished), aff'd, 298 F. App'x. 249, 2008 WL 4726256 (4th Cir. Oct. 29. 2008) (unpublished), Judge O'Grady applied § 2244(a) to dismiss as successive a § 2241 challenge to a revocation of parole. Although the Fourth Circuit has yet to address this issue, it has upheld a district court's order dismissing a § 2241 habeas petition as "an unauthorized second or successive motion" under § 2244(a) in at least two unpublished opinions. Trader v. United States, 191 F.3d 448 (4th Cir. 1999) (table); Gates, 298 F. App'x. at 249.

The filing of a second or successive habeas application that seeks to raise a claim that was or could have been litigated in an earlier proceeding is also precluded by the common law. In McCleskey v. Zant, 499 U.S. 467 (1991), the Supreme Court explained that by prohibiting prisoners from filing multiple petitions for relief from the same judgment, the "abuse of the writ" doctrine serves the important ends of finality, resource efficiency, certainty, and stability. Id. at 491–96. The Court outlined the contours of the doctrine in detail, as follow:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes the petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

Id. at 494–95.

---

[2] The district judge adopted Judge Miller's Report and Recommendation. Singletary v. Dewalt, No. 2:04cv623, ECF No. 9.

Subsequently, in Zayas v. Immigration & Naturalization Service, 311 F.3d 247, 256–57 (3d Cir. 2002), the Third Circuit considered whether the enactment of the AEDPA five years after the Supreme Court decided McCleskey precluded application of the "abuse of the writ" doctrine to second or successive § 2241 applications, and concluded that it did not, because the "AEDPA dealt with habeas petitions under § 2254 and § 2255 by building on McCleskey rather than supplanting it." Id. at 257; accord, Queen, 530 F.3d at 255. Since Zayas, the Fourth Circuit has affirmed by unpublished opinion numerous decisions by district courts where a second or successive § 2241 petition was dismissed as an abuse of the writ. See, e.g., Griffin v. U. S. Parole Commission, No. 3:02cv936, 2003 WL 23961849 (E.D. Va. Nov. 19, 2003), aff'd, 94 F. App'x. 993, 2004 WL 859402 (4th Cir. 2004) (unpublished); see also, Jackson v. Snyder, No. 5:05-HC-811-H, 2007 WL 4124348 (E.D.N.C. Sept. 5, 2007), aff'd, 239 F. App'x. 779, 790 n., 2007 WL 2555340 (4th Cir. 2007) (unpublished); Williams v. Wendt, No. 1:04cv136, 2006 WL 1004806 (N.D.W.Va. Apr. 7, 2006) (unpublished); Staino v. U. S. Parole Commission, No. 5:04-HC-962-FL, 2005 WL 5726582 at *3 (E.D.N.C. Nov. 23, 2005) (unpublished).

### III. Analysis

Consideration of petitioner's present claim that he has been deprived of due process because the Commission failed to conduct a dispositional review within 180 days of a detainer is precluded by § 2244(a). As respondent correctly points out, petitioner made the same allegation in a prior § 2241 proceeding before this Court, Gill v. Stansberry, No. 1:08cv998, 2009 WL 2567010 (E.D. Va. Aug. 18, 2009). In support of his argument that the Commission delayed scheduling a parole revocation hearing in violation of his due process rights, he alleged that a disposition review was not conducted in his case within 90 days after the Commission was notified that the warrant had been placed as a detainer. Id. This Court found that his claim of

entitlement to a revocation hearing was without merit and dismissed the petition with prejudice, and no appeal was taken of that decision. Id.

In response to respondent's Supplemental Response, petitioner alleges that he was denied a timely disposition review in both April 2004 and May 2011 and that his previous petition in this Court contested only the April 2004 incident. In support of his argument that this action is distinct from the No. 1:08cv998, he states, "you Judge heard the case under jail credit time, not dispositional review." Pet. Resp. 2, ECF No. 17. Petitioner appears to believe that the Court characterized this action and No. 1:08cv998 differently; however, petitioner is mistaken. The claim petitioner asserts here was adjudicated on the merits in a prior § 2241 proceeding, and this successive petition is barred from consideration by § 2244(a).

## IV. Other Pending Motions

Because the petition will be dismissed, petitioner's Motion for Writ of Mandamus, letter/motion for ruling on the case, and Motion to Appoint Counsel will be denied, as moot.

## V. Conclusion

For the foregoing reasons, the petitioner will be dismissed, petitioner's Motion for Writ of Mandamus will be denied, and his letter/motion for a ruling will be denied, as moot. An appropriate Order shall issue.

Entered this 21st day of May 2013.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

6